IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

CHRISTOPHER JERMAINE TAYLOR,

           Petitioner,

v.                                                        Criminal Case No. 3:15-00009

UNITED STATES OF AMERICA,

           Respondent.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Christopher Taylor's "Motion for Reduction in Sentence" (ECF No. 144), which is on remand from the Court of Appeals for the Fourth Circuit (*see* Opinion as to Christopher Jermaine Taylor, ECF No. 182). Defendant argues that he should be released pursuant to U.S.S.G. § 1B1.13 cmt. N.1(C)(i) because his children's caretaker passed away on November 1, 2019. For the reasons set forth below, the Court **DENIES** Defendant's Motion.

Although this Court previously denied the Order on the grounds that Taylor had not presented sufficient evidence of "extraordinary and compelling" reasons for release (ECF No. 148), the Court of Appeals vacated the order, stating that "the district court erroneously relied on BOP Program Statement 5050.50 rather than the Sentencing Commission's policy statements." Opinion as to Christopher Jermaine Taylor 3, ECF No. 182. The Court of Appeals ordered the Court to make two additional considerations on remand. First, the appellate court ordered the Court to "consider whether Taylor is required to demonstrate that he is the only available caregiver for his minor children." *Id*. The Court of Appeals indicated that Taylor did not have to demonstrate that he is the only available caregiver based on the plain language of the guidelines. *See id*.

("Specifically, on remand, the district court should consider whether Taylor is required to demonstrate that he is the only available caregiver for his minor children, *compare* USSG § 1B1.13 cmt. n.1(C)(i), *with* USSG § 1B1.13 cmt. n.1(C)(ii)[.]"). Recognizing the apparent distinction between subsections (C)(i) and (C)(ii),[1] as the Court of Appeals suggested, the Court subsequently held that Mr. Taylor is not required to show that he is the only available caregiver to obtain relief. Order, ECF No. 185.

Second, the Court of Appeals required the Court to consider "whether sufficient evidence in the record demonstrates that alternative caregivers would be capable of caring for his children." *Id*. However, the Court of Appeals did not explain how this information is relevant if not to show that Defendant is the only available caregiver. Nevertheless, this Court finds that although the sentencing guidelines do not expressly require a defendant to demonstrate that there are no alternative caretakers, "extraordinary and compelling" reasons for release do not exist where the evidence shows that the child is under the legal custody of a relative who is a suitable caretaker. *See United States v. Reeves*, No. 3:18-CR-0313-B-2, 2020 WL 5094825, at *3 (N.D. Tex. Aug. 28, 2020) (rejecting compassionate release despite death of defendant's child's caretaker because there were other available caretakers and defendant was not guaranteed custody of the child).

Here, the Court finds that Mr. Taylor's motion falls short of establishing "extraordinary and compelling" reasons for this reason. In a memorandum submitted to the Court, the United States Probation Office confirmed that the children are under the care of their maternal grandmother, Lawanda Williams, who is their legal guardian. ECF No. 190. The probation officer

---

[1] Subsection (i) provides that "extraordinary and compelling reasons for release occur upon "[t]he death or incapacitation of the caregiver of the defendant's minor child or minor children." Whereas subsection (ii) provides: "The incapacitation of the defendant's spouse or registered partner *when the defendant would be the only available caregiver* for the spouse or registered partner." (emphasis added). USSG § 1B1.13 cmt. n.1(C).

found no indication that Ms. Williams is not a capable caregiver. *Id*. However, the officer noted that Ms. Williams would "welcome the assistance that could be provided by Mr. Taylor being released from incarceration." Although the Court sympathizes with Ms. Williams, the Court does not find that there are extraordinary and compelling reasons for Defendant's release because she is a capable caretaker and is not incapacitated.

For the foregoing reasons, the Court **DENIES** Defendant's Motion. The Clerk is **DIRECTED** to send a copy of this order to defendant, counsel of record, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: November 3, 2020

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE