IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NO.  3:15-00009

CHRISTOPHER JERMAINE TAYLOR
    also known as "Phoenix"
    also known as "C-Murda"

**MEMORANDUM OPINION AND ORDER**

On April 1, 2020, Christopher Taylor filed his first motion for release under 18 U.S.C. § 3582(c)(1)(A)(i) and U.S.S.G. § 1B1.13 (ECF No. 144) based on the death of the caretaker of his two sons, Jaleesa L. Reynolds. Since that date, the Court denied the motion (ECF No. 148), Taylor appealed that denial (ECF No. 150), and the Fourth Circuit remanded with instructions for the Court to make further findings (ECF No. 183). On remand, the Court instructed the Probation Office to investigate Taylor's proposed release residence and the children's current living situation. The Probation Office filed a memorandum with those investigative findings. Based on those findings, the Court again denied the motion for release (ECF No. 193), and Taylor again appealed (ECF No. 195).

During this time, Taylor also moved for other miscellaneous relief and raised an alternative argument for release: the incapacitation of his children's current caretaker, Ms. Lawanda Williams (the children's maternal grandmother). The Court ordered the Probation Office to further investigate Ms. Williams' health and ability to care for Taylor's children. The Probation Officer filed supplemental memoranda with findings and recommendations. The Court now considers, *sua sponte*, Plaintiff's request for release based on the alleged incapacitation of Ms. Williams.

According to the Probation Officer's report and medical records submitted by Taylor, Ms. Williams has osteoarthritis in her knees and relies on the assistance of a walker with wheels to move around. She has reported that her condition has not effectively been treated with medication and that she will need knee replacement surgery. However, she has not been able to schedule this surgery because her husband, George Williams, is undergoing chemotherapy for rectal cancer. After he completes chemotherapy in a few weeks, he will begin radiation treatment. After this treatment, his need for surgery will be reevaluated. Ms. Williams has expressed that she would appreciate the Taylor's help if he were to be released. However, according to Ms. Williams, Taylor is not the legal guardian of his children and would need to file a petition to regain custody.

Although the Court sympathizes with Ms. Williams' indisputably challenging circumstances, the Court **FINDS** that there are not "extraordinary and compelling" reasons to justify Taylor's release. Ms. Williams is not "incapacitated" for the purposes of compassionate release. Although she has difficulty moving around, Ms. Williams has not expressed any other difficulty or inability to act as caretaker. She has also represented that she will continue to care for the children even if Taylor is not released. Moreover, Taylor's release is not warranted because he is not guaranteed to gain custody over his children even if he is released.

The Court also finds that Taylor remains a danger to the community based on his criminal history. *See* 18 U.S.C. § 3582(c)(1)(A)(i); 18 U.S.C. § 3142(g). As the Probation Officer details, Taylor was incarcerated from November 2004 until he was paroled in July 2010 for shooting an individual during an argument. On July 8, 2014, Taylor was detained on his current federal offense. The investigation that gave rise to those charges revealed that Taylor was leading a drug trafficking organization between Michigan and the Southern District of West Virginia while he was on probation in Michigan. Taylor had distributed or attempted to distribute over 2,255 grams

of heroin in the Southern District of West Virginia. Given Taylor's history of violating parole and committing a violent offense, the Court **FINDS** that he is not qualified for compassionate release.

The Court **DIRECTS** the Clerk send a copy of this Order to counsel of record and any unrepresented parties, the United States Attorney's Office, the United States Probation Office, and the United States Marshals Service.

ENTER: March 26, 2021

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE