IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.   CRIMINAL ACTION NO.   3:15-00009

CHRISTOPHER JERMAINE TAYLOR
    also known as "Phoenix"
    also known as "C-Murda"

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Christopher Taylor's Motion for Documentation, which he later moved to withdraw. Accordingly, the Court **GRANTS** the Motion to Withdraw (ECF No. 236) and **DENIES AS MOOT** the Motion for Documentation (ECF No. 235).

Also pending before the Court are Taylor's motions for compassionate release (ECF Nos. 238, 242). In connection with these new motions, Taylor also filed two motions to amend. The Court **GRANTS** those motions to amend (ECF Nos. 239, 240) and takes the arguments therein under advisement. These arguments raise the same claim this Court has previously denied (*see* ECF Nos. 173, 193, 232). Upon review of each of Taylor's new filings, the Court again concludes that Taylor's arguments do not justify his release.

First, Taylor argues that the Court should order his release because his circumstances are similar to Paul Cunningham's, who the Court recently released pursuant to a similar motion. *United States v. Cunningham*, No. CR 3:18-00211, 2021 WL 518343 (S.D. W. Va. Feb. 10, 2021). In that case, Cunningham's daughter was under the care of his fiancé because her mother had previously passed away. After Cunningham's fiancé was tragically murdered in November of 2020, Cunningham's ex-wife agreed to take temporary custody. However, she made clear to the Probation Office that her support was temporary and would not last until the Defendant's release in

September. The Court directed the Probation Office to investigate whether Cunningham had other relatives who would volunteer to care for the child, but no such caregiver could be identified. The Court found those unique circumstances to constitute "extraordinary and compelling" reasons for release.

It is clear to this Court that Taylor's circumstances are distinguishable. Cunningham only had a little over 6 months left of his relatively short sentence of 15 months, whereas Taylor has several years of his 138-month sentence left to serve. Moreover, Cunningham's daughter was under the reluctant care of his ex-wife, who bore no relation to her. Taylor's children are in the custody of their grandparents who have indicated that they will continue caring for the children until his release. These differences explain why the Court granted Cunningham's motion but not Taylor's.

Next, Taylor argues that the Court's March 26, 2021 Order (ECF No. 232) was incorrect in stating that he was on probation while he committed the instant offense. However, the Presentencing Report supports this finding. *See PSR* at ¶ 92, ECF No. 55 ("The defendant committed the instant offense while on probation."). Taylor states that the PSR is inaccurate and was later corrected by the Probation Office because he only received five days of community service for the underlying traffic violation. Neither the Probation Office nor the Court can find evidence of that correction on the docket. In fact, the PSR details several probation violation hearings between 2012 and 2014, indicating that he was on probation during that time. *Id*. at ¶ 90. Taylor's conduct in the instant offense can be traced back as early as August of 2013. *Id*. at ¶¶ 14-15. The Court finds no reason to retract its prior finding.

Finally, Taylor argues that he should be released because the Fourth Circuit held that he satisfied the criteria under United States Sentencing Guidelines § 1B1.13 Comment n.1 (C)(i)

(2018) ("[E]xtraordinary and compelling reasons exist under any of the circumstances set forth below: . . . . The death or incapacitation of the caregiver of the defendant's minor child or minor children."). However, the Fourth Circuit did not hold that these guidelines justified Taylor's release; it remanded that question back to this Court. *United States v. Taylor*, 820 F. App'x 229, 230 (4th Cir. 2020) (unpublished) ("We express no opinion on whether Taylor is ultimately entitled to relief."). Moreover, the Fourth Circuit has since held that these Sentencing Guidelines do not apply to defendants' motions for release. *See United States v. Kibble*, No. 20-7009, 2021 WL 1216543 (4th Cir. Apr. 1, 2021) (quoting *United States v. McCoy*, 981 F.3d 271, 281-83 (4th Cir. 2020)) ("USSG § 1B1.13 only applies when a request for compassionate release is made '[u]pon motion of the Director of the Bureau of Prisons.'"). This effectively overruled its decision in Taylor's appeal. *Taylor*, 820 F. App'x 229. Consequently, the Court it is not required to find that the incapacitation of a child's caregiver constitutes "extraordinary and compelling" reasons for release under 18 U.S.C. § 3582 (c)(1)(A)(i).

Simply put, the Court finds that Taylor's circumstances are not extraordinary and compelling, and thus, do not justify shortening his sentence by several years. Accordingly, the Court **DENIES** his motions for compassionate release (ECF Nos. 238, 242).

The Court **DIRECTS** the Clerk send a copy of this Order to counsel of record and any unrepresented parties, the United States Attorney's Office, the United States Probation Office, and the United States Marshals Service.

ENTER: April 21, 2021

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE