IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.          CRIMINAL ACTION NO.   3:15-00009

CHRISTOPHER JERMAINE TAYLOR
    also known as "Phoenix"
    also known as "C-Murda"

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Petitioner Christopher Jermaine Taylor's pro se Motion for a Reduction in Sentence Pursuant to 18 U.S.C. § 3482 (c)(1)(A)(i) (ECF No. 255). For the following reasons, the motion is **DENIED**.

## I.   BACKGROUND

On February 3, 2015, Petitioner pleaded guilty to a single-count information charging him with conspiracy to distribute 100 grams or more of heroin in violation of 21 U.S.C. §§ 841(a)(1) and 846. ECF Nos. 5, 8, 10. This offense carries a mandatory minimum of five to forty years of incarceration. 21 U.S.C. § 841(b)(1)(B). At the sentencing hearing held on September 8, 2015, Defendant objected to several hundred grams of heroin attributed to him as relevant conduct, as well as the two-point gun enhancement under United States Sentencing Guideline § 2D1.1(b)(1). *PSR* 32, ECF No 55. After hearing witness testimony and arguments, the Court held that the Government proved by a preponderance of the evidence that 1 to 3 kilograms of heroin were attributable to Petitioner for the purposes of the United States Sentencing Guideline calculation. *Sentencing*, ECF No. 44; *Judgment*, ECF No. 47. The Court also held that the gun enhancement applied. *Id*. With this relevant conduct and enhancement, the Court determined that Taylor's total offense level was 33. *Hr'g Tr.* 158:24-25, ECF No. 57. When factoring in Taylor's criminal history

category, the Court determined that the guideline range was 151 to 188 months. *Id*. at 159:3-7. The Court then granted Taylor's motion for a variance and sentenced him to a term of imprisonment of 138 months and a period of supervised release of four years. *Judgment*, ECF No. 47.

In the instant motion, Taylor asks for a reduction in sentence on several grounds. At the outset, the Court notes that Taylor waived his right to collaterally attack his conviction and sentence on any ground except ineffective assistance of counsel. *Plea Agreement*, ECF No. 10. Despite this waiver, Taylor has filed numerous motions and appeals challenging his sentence on various grounds, many of which have received careful review. Given this litigious history, several of the arguments immediately before the Court have already been addressed. Therefore, after reciting the standard of review, the Court will address each of Taylor's arguments below to the extent that it has not already been resolved.

## II.   STANDARD OF REVIEW

In December 2018, Congress enacted the First Step Act. See Pub. L. No. 115-391, 132 Stat. 5194. As part of the Act, Congress amended Section 3582 and enabled courts to reduce a term of imprisonment if "extraordinary and compelling reasons warrant such a reduction." *See* 18 U.S.C. § 3582(c)(1)(A)(i); Pub. L. 115-391, Title VI, § 603(b), Dec. 21, 2018, 132 Stat. 5239. But before defendants may request such a reduction, defendants must ask the BOP to do so on their behalf. *See* 18 U.S.C. § 3582(c)(1)(A). If the BOP denies the defendant's request or does not respond within thirty days, the defendant may file a motion before the court. *Id*. If an inmate satisfies this administrative exhaustion requirement, a court may reduce the inmate's sentence if (1) there are "extraordinary and compelling reasons" for release, and (2) the court considers "the factors set forth in section 3553(a) to the extent that they are applicable." *See* 18 U.S.C. § 3582(c).[1]

---

[1] Section 3482(c)(1) also requires a sentence reduction to be "consistent with applicable

District courts enjoy broad discretion when considering a motion under § 3582(c) and only abuse that discretion when "act[ing] arbitrarily or irrationally, fail[ing] to consider judicially recognized factors constraining its exercise of discretion, rel[ying] on erroneous factual or legal premises, or commit[ing] an error of law." *United States v. Kibble*, 992 F.3d 326 (4th Cir. 2021) (quoting *United States v. Trotman*, 829 F. App'x 607, 608 (2020)) (internal quotation marks omitted).

### III. DISCUSSION

Petitioner has failed to demonstrate that he has exhausted his administrative remedies. The Court could deny his motion on that basis alone. However, the arguments in his present motion have largely been raised through prior objections, motions, and appeals. Therefore, the Court liberally construes his motion and finds that, for the purposes of 18 U.S.C. § 3582(c)(1)(A), he has exhausted his administrative remedies. The Court will address the merits of his arguments below, in the same order they appear in the motion.

(1) "Sentencing Disparities"

Petitioner first argues that his sentence was improper because his co-defendants received sentences "within the statutory[y] mandatory minimu[m] guidelines of 5 to 40 years, 841(b)(1)(B)," while he was sentenced to "10 years to life" for the same charged offense. *Pet'r's Mot.* 4-5, ECF No. 255. This is incorrect. The Court sentenced him to a term of imprisonment of 138 months, well within the statutory range provided under 21 U.S.C. § 841 (b)(1)(B) and consistent with his plea agreement.

At bottom, Petitioner's argument that he was sentenced under 21 U.S.C. § 841 (b)(1)(A)

---

policy statements issued by the Sentencing Commission." The Fourth Circuit, however, has made clear that at this time, there are no existing applicable policy statements. *See United States v. McCoy*, 981 F.3d 271, 281 (4th Cir. 2020).

(mandatory minimum of ten years imprisonment for one to three kilograms of heroin) as opposed to subsection (B) (mandatory minimum of five years imprisonment for over 100 grams of heroin) misunderstands the difference between statutory penalties and the Sentencing Guidelines. Statutory penalties are determined by the convicted offense conduct and are binding on the sentencing court.

After calculating the statutory penalties, the Court must calculate a separate range using the United States Sentencing Guidelines Manual. This range is not binding on the Court and must be within the statutory range. In calculating the applicable Guidelines range, the Court may consider "a broader range of conduct than the conduct underlying the offense of conviction." *United States v. Stewart*, 847 F. App'x 201, 202 (4th Cir. 2021) (quoting *United States v. Young*, 609 F.3d 348, 358 (4th Cir. 2010)). "Under the [Sentencing] Guidelines, the drug quantities that may be attributed to the defendant include the quantities associated with the defendant's offense of conviction and any relevant conduct." *United States v. Flores-Alvarado*, 779 F.3d 250, 255 (4th Cir. 2015). Relevant conduct includes all "acts and omissions . . . that occurred during the commission of the offense of conviction, in preparation for that offense, or in the course of attempting to avoid detection or responsibility for that offense." U.S.S.G. § 1B1.3(a)(1) (2014).[2] Relevant conduct may also include all acts and omissions of others—whether or not the offense is charged as a conspiracy—if the acts are undertaken as a joint criminal activity and were "reasonably foreseeable" to the defendant. *Id*. "Sentencing judges may find facts relevant to determining a Guidelines range by a preponderance of the evidence, so long as that Guidelines sentence is treated as advisory and falls within the statutory maximum . . . ." *See United States v.*

---

[2] The 2014 Guidelines Manual applies here because the charged offense conduct ended on or about February 24, 2014. U.S.S.G. §2D1.1(c)(5) (2014); *Information*, ECF No. 1.

*Benkahla*, 530 F.3d 300, 312 (4th Cir. 2008).

Here, Petitioner pleaded guilty to conspiracy to distribute 100 grams or more of heroin in violation of 21 U.S.C. § 841(a)(1), which carries a mandatory minimum of five and up to forty years of imprisonment. 21 U.S.C. § 841 (b)(1)(B). To be clear, Petitioner was never subject to a ten year mandatory minimum. The Court then considered the appropriate Guidelines range. After hearing evidence and argument from both sides, the Court held that the Government demonstrated by a preponderance of the evidence that the drug weight attributable to Petitioner—which properly included both the charged offense conduct and relevant conduct—was between 1 to 3 kilograms of heroin. Based on this finding, the Court calculated the Guidelines range and sentenced Petitioner to a term of imprisonment of 138 months. This sentence is below the Guidelines range but within the statutory range. The Court once again finds no error with this reasoning or calculation and directs Petitioner to the sentencing hearing transcript (*Hr'g Tr*. 150:15-155:18, 158:1-25, ECF No. 57) for further explanation of the Court's findings of fact.

(2) "Rule 11 Plea Colloquy"

Petitioner next argues that the Court failed to inform him that his offense carried a mandatory minimum sentence of 10 years to life. This argument fails for the same reasons provided above. The Court also rejects Petitioner's claimed ignorance regarding relevant conduct because it contradicts the Plea Agreement he signed (ECF No. 10) and his own representations at the plea hearing. During that hearing, the Court advised Petitioner:

> [Court:]  All right. Then the last couple—well, the next to the last paragraph says that the parties agree that the total amount of offense and relevant conduct attributable to Mr. Taylor is at least 400 grams but less than 3 kilos of heroin. Do you understand that?
>
> [Petitioner:]  Yes.
>
> [Court:]  Do you understand that that means that the Court could hold you responsible at sentencing for sentencing guidelines that are equal to a base offense

       level of at least 400 grams of heroin?

       [Petitioner:]    Yes.

       [Court:]       All the way up to 3 kilograms of heroin.

       [Petitioner:]    Yes.

*Hr'g Tr.* 25-26, ECF No. 31. The Court further directs Petitioner to additional explanations provided in the following opinions: Proposed Findings of Fact and Recommendations (ECF No. 113); Memorandum Opinion and Order of July 30, 2019 (ECF No. 117), and Memorandum Opinion and Order of October 7, 2019 (ECF No. 134).

       (3) "§ 2D1.1(b) (1) Two Level Gun Enhancement"

Petitioner argues that this enhancement was not applicable to him because there was no evidence presented that the firearm at issue was connected to the conspiracy or controlled by him. The Court declines to reconsider its prior finding and directs Petitioner to the reasons given at the sentencing hearing. *Hr'g Tr.* 155:19-157:2, ECF No. 57; *PF&R* 19-20 n.4, ECF No. 113 (summarizing the evidence supporting the enhancement).

       (4) "Presentencing Report"

According to Petitioner, "the Pre[s]entencing Reporter provided absolutely no reason to the defense or the Court as to why she modified the attributable drug quantity finding of 822 grams of heroin to 2,200." Again, Petitioner's argument is incorrect. The Presentencing Report outlines in detail how the Probation Officer calculated the relevant offense conduct. *PSR* ¶¶ 14-72, ECF No. 55. As noted above, the Court denied the objections to relevant conduct after hearing several witnesses testify (*Hr'g Tr.* 150:15-155:18, ECF No. 57), then accepted the probable accuracy of the Presentencing Report (*id*. at 157:6-9). The Court again declines to reconsider these objections and directs Petitioner to the reasons provided at the sentencing hearing.

       (5) "Misinformed Misinformation"

Petitioner again contests the accuracy of the Presentencing Report's assertion that he was serving a sentence of probation at the time of the conspiracy. Even if the Court were to accept Petitioner's new evidence as true, it does not find that this error is an extraordinary or compelling reason for a reduction in sentence.

(6) "Institutional Behavior," "Health Issues," and "Prior Offense"

Lastly, Petitioner argues that his rehabilitative efforts warrant a reduction in sentence. Although the Court commends Petitioner for his rehabilitative efforts and relatively short disciplinary record with the Bureau of Prisons, it does not find that these are extraordinary or compelling reasons for release. Likewise, the Court does not find that Petitioner's health conditions or the purported "self-defense" constituting his prior offense justify early release.

### IV. CONCLUSION

For the reasons stated above, the Court **DENIES** the Motion for Reduction in Sentence (ECF No. 255).

The Court **DIRECTS** the Clerk send a copy of this Order to counsel of record and any unrepresented parties, the United States Attorney's Office, the United States Probation Office, and the United States Marshals Service.

ENTER: August 2, 2021

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE